# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REGIS CORPORATION,**
**Employer Below, Petitioner**

**vs.)   No. 12-0226** (BOR Appeal No. 2046218)
                    (Claim No. 2011005360)

**HEATHER NICHOLS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regis Corporation, by Denise D. Pentino and Aimee M. Stern, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 26, 2012, in which the Board affirmed an August 2, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 23, 2010, decision denying Ms. Nichols's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Nichols worked as a hairdresser for Regis Corporation. On August 4, 2010, Ms. Nichols was bending to wash a client's hair when she felt a pop and suffered an immediate onset of radiating pain. On September 2, 2010, Dr. Lubicky diagnosed Ms. Nichols with a broken pedicle screw on the right at the L4 level and idiopathic scoliosis, and concluded that most likely she had pseudoarthrosis that caused the screw to break. On October 15, 2010, Dr. Lubicky performed an exploration of posterior spinal fusion mass, and concluded that no pseudoarthrosis was present under the transverse connector. On April 19, 2011, Dr. Dauphin opined that Ms. Nichols had a broken screw because of pseudoarthrosis. The claims administrator denied Ms. Nichols's application for workers' compensation benefits.

1

The Office of Judges reversed the claims administrator's decision and held the claim compensable because Ms. Nichols suffered an injury in the course of and as a result of her employment. Regis Corporation disagrees and asserts that the Board of Review erred in adopting the Office of Judges' findings of fact that inaccurately stated Dr. Lubicky's opinion. It further asserts that Dr. Dauphin concluded Ms. Nichols's work activities could not have caused the screw to break.

The Office of Judges determined that Ms. Nichols's preexisting scoliosis did not cause her current symptoms but that her symptoms were caused by the isolated event of August 4, 2010. These symptoms did not exist prior to August 4, 2010. The Office of Judges determined that Dr. Dauphin's report is unpersuasive because even though the radiographic evidence showed pseudoarthrosis, Ms. Nichols described an isolated fortuitous event that amounted to an injury within the meaning of *Dickerson v. State Workman's Comp. Comm'r,* 173 S.E.2d 388, 154 W.Va. 7 (1970). The Office of Judges concluded that a claimant is not deprived of compensation merely because he is afflicted with a malady at the time of employment. *Martin v. State Comp. Comm'r*, 149 S.E. 824, 107 W.Va. 583 (1929). The Office of Judges held that the preponderance of the evidence shows that Ms. Nichols suffered an injury in the course of and as a result of her employment on August 4, 2010. The Board of Review reached the same reasoned conclusions in its decision of January 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 18, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II